UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CR-73(01)RM |
| | ) | |
| ANTHONY L. PITTMAN | ) | |

OPINION AND ORDER

On March 19, 2005, South Bend Police Officers Stephen Berger and Timothy Cichowicz were dispatched to 3006 West Ardmore regarding a domestic disturbance. On the way, they learned by radio that the suspect was leaving the scene in a tan Cadillac, traveling south on Goodland Avenue from Lincolnway West, and that a gun was involved.

Corporal Berger pulled over a gold Cadillac in the 100 block of North Goodland. The driver, Anthony Pittman, stepped from his vehicle and began to approach the officers, leaving the driver's side door of his vehicle open. Because that behavior was unusual and a gun was said to be involved, Cpl. Berger ordered Mr. Pittman to stop. Mr. Pittman complied with that order near the Cadillac's trunk, where Cpl. Berger handcuffed him. Patrolman Cichowicz, who was positioned between the open driver's door and the other two men, noticed a wood-like item extending from the pocket of the door. Thinking it might be the butt of a gun, he announced, "There's a gun in the door," reached down, and took a .22 revolver from the pocket.

Mr. Pittman moves to suppress the gun, contending it was the product of an unreasonable warrantless search. The government agrees with Mr. Pittman that no search warrant supports the search, no consent supports the search, no arrest supports the search, and that the weapon was not found in an inventory search. The government contends that the weapon was in plain view, making its seizure reasonable under the Fourth Amendment. When an officer, lawfully present, observes in plain view an item whose incriminating nature is immediately present, the officer may seize the item. United States v. Bruce, 109 F.3d 323, 328 (7th Cir. 1997); *see also* Horton v. California, 496 U.S. 128, 136-137 (1990).

Mr. Pittman doesn't dispute that Patrolman Cichowicz was in a place where he had a right to be and, so, was lawfully present. Mr. Pittman contends that the gun could not have been in plain view. He presented photographic evidence that the Cadillac's door pocket engulfs its contents so well that even two large cell phones placed horizontally within the pocket cannot be seen without drawing the top of the pocket away from the door.

Mr. Pittman's photographic submission persuades the court that (depending upon what other items might have been in the door pocket on March 19) the .22 revolver probably couldn't have been seen without opening the pocket if the revolver were not pointing up and down. Patrolman Cichowicz, though, testified that he saw the butt of the gun sticking out of the pocket, so there is no suggestion that the revolver was pointing in any direction other than vertically. The record contains nothing about the strength of the top of the pocket that would

2

allow the court to evaluate its ability to hold a revolver in place, but Mrs. Pittman testified that the top of the pocket snaps back if not held open.

Accordingly, the court credits Patrolman Cichowicz's testimony that before he opened the pocket, he saw what turned out to be the revolver's handle extending from the door pocket. The remaining issue is whether what Patrolman Cichowicz saw was such that its incriminating nature was immediately present.

A firearm may be such that its incriminating nature is readily apparent to an officer, United States v. Willis, 37 F.3d 313, 316 (7th Cir. 1994), even if the gun is partially hidden. United States v. Hatten, 68 F.3d 257, 261 (8th Cir. 1995). Patrolman Cichowicz testified that while he wasn't certain he was looking at a firearm, he believed it was a gun. Patrolman Cichowicz had reason to believe that he and Cpl. Berger had just pulled over a person who had just been involved in a fight with a firearm, so the gun's incriminating nature was readily apparent.

Though warrantless, the search of Mr. Pittman was reasonable because the item seized was in plain view. The court DENIES Mr. Pittman's motion to suppress [docket # 19].

SO ORDERED.

ENTERED:   September 21, 2005

    /s/ Robert L. Miller, Jr.
    Chief Judge
    United States District Court

cc:   J. Maciejczyk

D. Tillman-Reed