UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CR-73(01)RM |
| | ) | |
| ANTHONY L. PITTMAN | ) | |

OPINION AND ORDER

This case has progressed like few others that proceed through this court. Anthony Pittman is charged with possessing a firearm as a felon. 18 U.S.C. § 922(g). The charge arises from the discovery of a firearm in his car by South Bend police officers in the afternoon of March 19, 2005. The officers had pursued Mr. Pittman in response to a complaint that he had been involved in a domestic disturbance with a gun outside a beauty shop. On August 22, Mr. Pittman moved to suppress the gun; the government argued that the gun had been in plain sight when it was seized.

The court conducted an evidentiary hearing on the suppression motion on September 20. Corporal Stephen Berger and Patrolman Timothy Cichowicz testified for the government, explaining that Cpl. Berger was in the lead car as Mr. Pittman was pulled over, that Mr. Pittman got out of the car, leaving the door open, and that Cpl. Berger ordered Mr. Pittman to stand to the side of the car's trunk and handcuffed Mr. Pittman. The officers testified that Patrolman Cichowicz (whose car was next on the scene) came up from behind the car, assisted in restraining Mr. Pittman, then looked at the open door and saw what looked to him like the butt of a gun in the pouch on the door. It turned out to be a gun, and

Patrolman Cichowicz secured it. Patrolman Cichowicz testified that in light of the passage of time, he couldn't pinpoint exactly where he had seen the gun.

Mr. Pittman presented the testimony of his wife, Dianne Pittman, who owns the car Mr. Pittman was driving that day. Mrs. Pittman had taken photos of the door pocket, which concealed two large cell phones to the point they could not be seen without physically parting the top of the pouch from the door and peering in. Based on these photos and Mrs. Pittman's testimony, Mr. Pittman argued that Patrolman Cichowicz could not have seen the gun in plain view — he would have had to open the pouch to see a gun inside.

The court found no conflict in the testimony, because it appeared to the court that a gun could be hidden or partially visible, depending upon whether it was perpendicular or parallel to the ground. Because Patrolman Cichowicz said he saw the butt of the gun, it seemed most likely that the gun was perpendicular to the ground, thus extending above the pouch. The court denied the suppression motion, and the trial of the case was re-scheduled for October 18.

South Bend police cars are equipped with video cameras that operate automatically. No videotape was presented at the September suppression hearing because none could be found. Corporal Berger explained that his camera had malfunctioned.

Days before the trial, a video tape was discovered; it had been made by the camera on Patrolman Cichowicz's car and apparently misplaced. Counsel for both the government and the defense reviewed it barely hours before trial was to

2

commence. Counsel for Mr. Pittman believed the tape supported his position at the suppression hearing and requested a continuance of the trial and a re-opening of the suppression hearing. While disagreeing as to the import of the videotape, the government did not object to the continuance and the re-opening. Both sides wished to investigate further. The court granted the motions.

Following re-settings caused by illnesses, the court conducted the second portion of the suppression hearing on December 2. Both sides presented argument, and the court took the matter under advisement to view the tape in light of their arguments.

The videotape is not as helpful as it might be because Patrolman Cichowicz's car (the car with the video camera) was the second to arrive; Corporal Berger's car is situated so as to just block the camera's view of the driver's door on Mr. Pittman's vehicle. Nonetheless, it appears to the court that both Patrolman Cichowicz and a third officer already had physically entered the front seat of the Pittman vehicle and had been there for several seconds, searching the interior, before the gun was located.

The scene portrayed in the videotape is simply too different from what was described at the suppression hearing for the court to remain persuaded that it is more likely than not that the gun was in plain view. It appears that Patrolman Cichowicz physically went beyond the open driver's door to check the inside of the passenger compartment, and the court has no basis to understood why he would not have noticed the butt of the gun as he entered the car.

3

It seems likely that the officers who testified at the September hearing confused the stop of Mr. Pittman with another stop, but in any event, it is the government that bears the burden of proof. The contradictions between the videotape and the September hearing leave the court unable to say what scenario is most likely. The government has not met its burden of proving the constitutionality of the warrantless search.

For the foregoing reasons, the court GRANTS the defendant's motion to suppress evidence [docket #19].

SO ORDERED.

ENTERED:   December 2, 2005


    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   D. Tillman-Reed
      J. Maciejczyk